**Pages 1 - 9**

                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Haywood S. Gilliam, Jr., Judge

UNITED STATES OF AMERICA,      )
                               )
         Plaintiff,            )
                               )
  VS.                          )        **NO. CR 17-00134-HSG**
                               )
BENFORD CHAVIS,                )
                               )
         Defendant.            )
_____)

                            Oakland, California
                            Monday, April 22, 2019

                  **TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
                    **DAVID L. ANDERSON**
                    United States Attorney
                    450 Golden Gate Avenue
                    San Francisco, California  94102
               BY:  **GARTH HIRE**
                    **KATHERINE LLOYD-LOVETT**
                    **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant:
                    RAMSEY & EHRLICH LLP
                    803 Hearst Avenue
                    Berkeley, CA  94710
               BY:  **ISMAIL RAMSEY, ESQUIRE**


Also Present:       **BRIAN CASAI, U.S. PROBATION**



Reported By:  Pamela Batalo-Hebel, CSR No. 3953, RMR, FCRR
              Official Reporter

|    |                                                                           |
|----|---------------------------------------------------------------------------|
| 1  | **Monday - April 22, 2019**                                      **2:17 p.m.** |
| 2  | **P R O C E E D I N G S**                                                 |
| 3  | ---o0o---                                                                 |
| 4  | **THE CLERK:** Calling CR 17-134, United States vs.                       |
| 5  | Benford Chavis.                                                           |
| 6  | Please step forward and state your appearances for the                    |
| 7  | record.                                                                   |
| 8  | **MR. HIRE:** Good afternoon, Your Honor. Garth Hire and                  |
| 9  | Katherine Lloyd-Lovett for the United States.                             |
| 10 | **THE COURT:** Good afternoon, Mr. Hire.                                  |
| 11 | **THE PROBATION OFFICER:** Good afternoon, Your Honor.                    |
| 12 | Brian Casai for probation.                                                |
| 13 | **THE COURT:** Good afternoon, Mr. Casai.                                 |
| 14 | **MR. RAMSEY:** Good afternoon, Your Honor. Ismail                        |
| 15 | Ramsey on behalf of Mr. Chavis, who is present and out of                 |
| 16 | custody.                                                                  |
| 17 | **THE COURT:** Good afternoon.                                            |
| 18 | We are here for a sentencing hearing in this matter. I've                 |
| 19 | reviewed the Presentence Report that was disclosed on                     |
| 20 | April 8th, the Government's Sentencing Memorandum, and the                |
| 21 | Sentencing Memorandum filed on behalf of Mr. Chavis, along with           |
| 22 | the attachments to it.                                                    |
| 23 | Are there any other materials that are part of the                        |
| 24 | sentencing record?                                                        |
| 25 | **MR. RAMSEY:** Those are the only materials, Your Honor. |

1    **MR. HIRE:**  Correct, Your Honor.

2    **THE COURT:**  All right.  And given that it's a binding
3    Plea Agreement, I assume that there is no evidentiary hearing
4    expected today?

5    **MR. HIRE:**  Correct.

6    **MR. RAMSEY:**  That's correct, Your Honor.

7    **THE COURT:**  And are there any objections to the
8    Presentence Report, other than the correction of Mr. Chavis's
9    ethnicity as described at the beginning, which I assume is
10   uncontested?

11   **MR. HIRE:**  Uncontested, Your Honor.

12   I believe Mr. Ramsey has one other factual change that the
13   Government and, I believe, Pretrial are fine with.

14   **MR. RAMSEY:**  Yes, Your Honor.  In addition to the
15   ethnicity on page 2, on page 3 of the PSR, paragraph 7, seven
16   lines down, the line that starts with -- I'll wait for the
17   Court to catch up.

18   **THE COURT:**  Page 3?

19   **MR. RAMSEY:**  Page 3, paragraph 7, Your Honor.

20   **THE COURT:**  Yes.

21   **MR. RAMSEY:**  It's seven lines down.  The line that
22   starts with, "remained involved," at the end of that line, it
23   says "August 2011," and that date should be June 2010.

24   **THE COURT:**  Does everyone agree?

25   **MR. HIRE:**  Agreed.

1   **THE COURT:** All right. So we'll make those two
2   corrections in the Presentence Report, and I will otherwise
3   accept it without objection.
4       And here I suppose it's an agreed-upon variance but not a
5   departure that's being sought on anyone's part; is that right?
6       **MR. HIRE:** Correct, Your Honor.
7       **THE COURT:** So I find that there is no basis for a
8   departure since none is requested.
9       Then I'm required to consider under Section 3553(a) what
10  sentence is sufficient but no greater than necessary to
11  accomplish the objectives of the federal sentencing statute,
12  taking into account the nature and circumstances of the
13  offense, the history and characteristics of the defendant, the
14  need to avoid unwarranted sentencing disparities, and the types
15  of sentences available.
16      And having reviewed the record and the parties' Plea
17  Agreement with the joint recommendation, I am well-persuaded
18  that the custodial -- or the non-custodial sentence that is
19  proposed is appropriate.
20      Mr. Chavis, I'm sure, acknowledges the wrongfulness of
21  what he did.
22      I read your letter, and it was appropriately impressive,
23  given your background, and it is plain that you recognize that
24  you betrayed the values that you've lived by and that you've
25  taught the young people that you've worked with over the course

1   of your career, and that in itself I'm sure has to be a source
2   of pain and, as you said, embarrassment and shame in that
3   there's just no way around that being the consequences of
4   making this kind of misstep.
5        It is plain to me, though, that Mr. Chavis's career is
6   characterized by accomplishment and service, and he is
7   committed to continuing to serve with the math program and
8   otherwise to contribute over the course of the rest of the time
9   that he has, and so I fully agree that a custodial sentence is
10  not warranted.
11       The one question I did have is with regard to the
12  potential for a fine.  I realize that there is a binding
13  agreement, and so I will have to decide if I accept the
14  agreement in toto.
15       It did seem to me that Mr. Chavis had -- I'm sorry.
16  Should I be saying Dr. Chavis?
17           **MR. RAMSEY:**  He does hold a Ph.D., Your Honor.
18           **THE COURT:**  All right.
19       Dr. Chavis does have very significant resources, and on
20  balance, I certainly would not be inclined to undo the
21  agreement altogether, but I also don't think I could find that
22  he doesn't have the ability to pay a fine.  He clearly does.
23       And the question -- I suppose it may be a question mostly
24  for Mr. Hire -- is even understanding that a custodial sentence
25  is unwarranted in this circumstance, would there be a place,

1 potentially, for some sort of fine, even if it's not a
2 Guidelines fine?
3     **MR. HIRE:** The Government has to stand by its Plea
4 Agreement, Your Honor, and it's up to the Court. It could find
5 that he has the ability but is going to impose the sentence
6 that's agreed upon by the parties.
7     **THE COURT:** All right.
8 What was the reasoning behind agreeing to the no-fine
9 component?
10     **MR. HIRE:** It was a very lengthy negotiation based on
11 a number of factors, Your Honor, as I said before, and this is
12 the agreement that we ended up reaching.
13     **MR. RAMSEY:** And, Your Honor, I would just add that as
14 part of those negotiations, there was no loss that was
15 sustained here.
16 In addition to that, we did feel that there was some other
17 form of punishment that the Court could impose, and the parties
18 recommended or are recommending some community service. So I
19 do think that that is a mechanism that the Court could utilize.
20 I believe actually the Probation Officer, I believe,
21 recommended --
22     **MR. HIRE:** Yes, Your Honor.
23     **MR. RAMSEY:** Go ahead, Mr. Hire.
24     **MR. HIRE:** I was going to simply add to what
25 Mr. Ramsey was saying, that the fine is -- even though there is

1    no loss, the fine really gets at a punitive aspect of
2    sentencing.  And in this case, really the greater good is
3    better served through community service as a condition of
4    probation.
5            **THE COURT:**  All right.
6         So I'll hear at this point from Mr. Hire or from
7    Mr. Ramsey, and then, Dr. Chavis, you have the opportunity to
8    be heard, if you would like, as well.
9            **MR. RAMSEY:**  Your Honor, I don't think we have
10   anything to add beyond our papers and what's been said here
11   today.
12        I know that Mr. Chavis, obviously, in this situation --
13   there are nerves that come with it, and he is prepared to stand
14   on his written submission and, I think, is not going to be
15   making a statement today, an oral statement.
16           **THE COURT:**  All right.  That's fair.
17           **MR. HIRE:**  Submitted, Your Honor.
18           **THE COURT:**  Okay.  Well, as I said, under the
19   circumstances, I'm persuaded that this is an appropriate
20   disposition, and I think Dr. Chavis is uniquely positioned by
21   way of his background, his education, and his professional
22   training to make a great contribution going forward.  And while
23   nothing can undo the effects of the decisions that he has made,
24   I am hopeful, based on what's been presented, that he is fully
25   committed, going forward, to doing what he can to make amends

1  and be of service to others.  And I would be very, very
2  surprised if anything other than that happens.
3       So I will impose sentence as follows, accepting the
4  parties' agreed-upon sentencing recommendation:
5       Pursuant to the Sentencing Reform Act of 1984, it is the
6  judgment of the Court that Benford Chavis is hereby placed on
7  probation for a term of one year.
8       While on probation, the defendant shall not commit another
9  federal, state, or local crime; shall comply with the standard
10 conditions that have been adopted by this Court, except that
11 the mandatory drug testing provision is suspended; and shall
12 comply with the following additional conditions:
13      You must pay any special assessment that is imposed by
14 this judgment and that remains unpaid at the commencement of
15 the term of probation.
16      You must perform 120 hours of community service as
17 directed by the Probation Officer.
18      You must cooperate in the collection of DNA as directed by
19 the Probation Officer.
20      It is further ordered that the defendant shall pay to the
21 United States a special assessment of $100.  Payments shall be
22 made to the Clerk of U.S. District Court, 450 Golden Gate
23 Avenue, Box 36060, San Francisco, 94102.
24      Based on its acceptance of the parties' binding Plea
25 Agreement, the Court will not order a fine imposed.

1       Is there anything further for today?

2           **MR. HIRE:**  Yes, Your Honor.  At this time, the
3   Government moves to dismiss the underlying Indictment in the
4   case.

5           **THE COURT:**  The motion is granted.

6           **MR. RAMSEY:**  One other request, Your Honor, is
7   Mr. Chavis, as part of his pretrial, has been able to travel
8   domestically without approval from the Court.  One, he lives in
9   North Carolina and occasionally has reasons to go to Arizona or
10  other states, quite frankly, that relate to his role sometimes
11  as a consultant in education.

12      To cut to the chase, I would request that he be allowed to
13  travel domestically as part of his probation without approval
14  from the Probation Officer or the Court -- without further
15  approval, I should say.

16          **THE COURT:**  Mr. Casai, any objection to that?

17          **THE PROBATION OFFICER:**  I don't have any objection,
18  Your Honor, no.

19          **THE COURT:**  All right.  That will be the condition.

20          **MR. HIRE:**  Thank you very much, Your Honor.

21          **THE COURT:**  You're welcome.

22          **MR. RAMSEY:**  Thank you, Your Honor.

23          **THE PROBATION OFFICER:**  Thank you, Your Honor.

24          **THE DEFENDANT:**  Thank you, Your Honor.

25              (Proceedings adjourned at 2:28 p.m.)

```
 1
 2
 3                    CERTIFICATE OF REPORTER
 4         I certify that the foregoing is a correct transcript
 5   from the record of proceedings in the above-entitled matter.
 6
 7   DATE:    Tuesday, July 30, 2019
 8
 9   _____
10   Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
     U.S. Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```